SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5044
FAX: (408) 535-5081
James.Scharf@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TERESA FREED,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. C 06 - 2300 MJJ<br><br>**SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT** |

**SETTLEMENT AGREEMENT**

Plaintiff Teresa Freed ("Plaintiff") and defendant United States of America hereby enter into this Settlement Agreement (the "Agreement"), as follows:

1.  The parties hereby agree to settle and compromise *Teresa Freed v. United States of America*, United States District Court for the Northern District of California Case Number C 06-2300 MJJ (the "Lawsuit"), under the terms and conditions set forth herein.

2.  The United States of America agrees to pay plaintiff the sum of seven hundred fifty thousand dollars ($750,000.00) (the "Settlement Amount") in new money in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT
Case No. C 06-02300 MJJ                -1-

unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the Lawsuit, including any claims for wrongful death, for which plaintiff or her heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies, agents, servants, or employees.

3. Plaintiff and her heirs, executors, administrators, and assigns hereby agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, or causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agencies, agents, servants, or employees on account of the same subject matter that gave rise to the Lawsuit, including any future claim for wrongful death. Plaintiff and her heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States of America, its agencies, agents, servants, and employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or her heirs, executors, administrators, or assigns against any third party or against the United States of America, including claims for wrongful death. Plaintiff is responsible for satisfying any and all outstanding liens relating to plaintiff's medical treatment arising out of the subject matter of this action, except for the worker's compensation lien assigned to defendant, which defendant agrees to waive. Plaintiff will defend, indemnify and hold defendant harmless from any liability defendant may incur relating to any claim arising out of any failure by plaintiff to satisfy the outstanding liens. Plaintiff will also defend, indemnify and hold defendant harmless from any liability defendant may incur from any loss of consortium claim by plaintiff's domestic partner(s) arising out of the subject matter of this action.

4. This Agreement shall not constitute an admission of liability or fault on the part of the United States of America, its agencies, agents, servants, or employees, and is entered into by

//

1   and between the parties for the purpose of compromising disputed claims and avoiding the
2   expenses and risks of litigation.
3       5.      This Agreement may be pled as a full and complete defense to any subsequent
4   action or other proceeding involving any person or party which arises out of the claims released
5   and discharged by this Agreement.
6       6.      The Settlement Amount represents the entire amount of the compromise
7   settlement. The parties will each bear their own costs, attorneys' fees, and expenses, and any
8   attorneys' fees or liens owed by plaintiff will be paid out of the Settlement Amount and not in
9   addition thereto.
10      7.      It is also understood by plaintiff that, pursuant to Title 28 , Section 2678 of the
11  United States Code, attorneys' fees for services rendered in connection with this Lawsuit shall
12  not exceed 25 percent of the Settlement Amount.
13      8.      Payment of the Settlement Amount will be made by a check drawn on the United
14  States Postal Service and will be made payable to "Teresa Freed and her attorneys, the Arns Law
15  Firm."
16      9.      In consideration of payment of the Settlement Amount and this Agreement,
17  plaintiff agrees that upon notification that the settlement check is ready for delivery, she will
18  deliver to defense counsel a fully executed Stipulation for Dismissal with Prejudice of the
19  Lawsuit. Upon delivery of the Stipulation for Dismissal with Prejudice, defense counsel will
20  release the settlement check to plaintiff's counsel.
21      10.     Payment of the Settlement Amount shall be made within 30 days of the date that
22  this agreement is approved by the Court.
23      11.     The parties agree that should any dispute arise with respect to the implementation
24  of the terms of this Agreement, plaintiff shall not seek to rescind the Agreement and pursue her
25  original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the
26  settlement in the United States District Court. The parties agree that the United States District
27  Court will retain jurisdiction over this matter for purposes of resolving any dispute alleging a
28  breach of this Agreement.

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT
Case No. C 06-02300 MJJ                  -3-

12. In consideration of payment of the Settlement Amount and this Agreement, plaintiff hereby releases and forever discharges the United States of America and any and all of its past and present officials, employees, agencies, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, actions, causes of action, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in the pleadings in the Lawsuit.

13. California Civil Code Section provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiff, having been apprised of such language by her attorney, and fully understanding the same, nevertheless waives the benefits of any and all rights she may have pursuant to Section 1542 and any similar provisions of federal law. Plaintiff understands that, if the facts concerning her injuries and the liability of the defendant for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed to be true, this Agreement shall be and remain effective notwithstanding such difference.

14. The United States Postal Service has purchased the worker's compensation lien from Mid-Century Insurance Company in this case, and plaintiff will not be responsible for paying this lien.

15. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the parties with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified, amended, or otherwise changed in any respect except by writing, duly executed by all parties and their authorized representatives.

Dated: 9/28

_____
TERESA FREED
Plaintiff

Dated: 9/28

THE ARNS LAW FIRM

ROBERT ARNS
Attorneys for Plaintiff

Dated: 10-1-07

SCOTT N. SCHOOLS
United States Attorney

JAMES A. SCHARF
Assistant United States Attorney
Attorneys for Defendant

[PROPOSED] ORDER

THE ABOVE SETTLEMENT AGREEMENT IS APPROVED, AND IT IS SO ORDERED.

Dated: 10/02/07

HON. MARTIN J. JENKINS
United States District Judge

*Judge Martin J. Jenkins*